UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
ONDRE VERNON NELSON,                   :   16 Civ. 6354 (PAE)(JCF)
                    Plaintiff,         :
                                       :   REPORT AND
        - against -                    :   RECOMMENDATION
                                       :
NEW YORK CITY N.Y.,                    :
                                       :
                    Defendant.         :
- - - - - - - - - - - - - - - - - - - -:

TO THE HONORABLE PAUL A. ENGELMAYER, U.S.D.J.:

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/12/17

The plaintiff, Ondre Vernon Nelson, proceeding pro se, brings this action against the City of New York (the "City"). Mr. Nelson sues under 42 U.S.C. § 1983, arguing that the defendant violated his constitutional rights by (1) requiring him to sleep on the floor without a pillow or blanket and (2) later requiring him to sleep on a mattress mounted on a foundation, despite the mattress label's warning that it should not be used with a foundation. Mr. Nelson now seeks injunctive relief requiring the City to provide him with a more suitable mattress and to change its policy concerning detainees' mattresses. In addition, Mr. Nelson seeks compensatory damages totaling $18,000,000.

The defendant filed a motion to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiff has not responded. For the reasons that follow, I recommend that the motion be granted.

1

Background

Mr. Nelson's Amended Complaint states that after his arrival at Rikers Island on September 29, 2015, he spent six days in a holding cell, where he was forced to sleep on the "bair [sic] cold concreat [sic] floors" without a blanket or pillow. (Amended Complaint ("Amend. Compl.") at 3). Later, when the plaintiff moved into a housing unit, he was allegedly forced to sleep on a mattress improperly mounted on a foundation. (Amend. Compl. at 3). Mr. Nelson considers his treatment "cruel and unusual punishment." (Amend. Compl. at 3). To substantiate his claim, he attaches to his Amended Complaint a copy of a mattress tag, which states, "This mattress is intended to be used <u>without</u> a foundation." (Mattress Warning Label, attached as Exh. A to Amend. Compl.). Mr. Nelson claims to have developed "[severe] back pain, . . . which made a preexisting lower back pain worse, . . . [scoliosis] in [his] back, numbness of arm, shoulders, hands, sides, hips, legs, and feet, as well as pain i[n] those areas." (Amend. Compl. at 3). The plaintiff claims to have suffered from sleep deprivation due to his bedding and claims to continue to suffer from "disorientation, mental stress, and pain." (Amend. Compl. at 3).

Mr. Nelson filed a grievance with the New York City Department of Correction ("DOC") about his back pain and the

2

improper use of his mattress. (Amend. Compl. at 4). DOC refused to move him, change his mattress, or allow him to "double up" mattresses. (Amend. Compl. at 6-7).[1] Mr. Nelson then asked doctors to write medical notes for him and spoke with grievance supervisors. (Amend. Compl. at 4). On November 11, 2016, the plaintiff met with Grievance Supervisor "Mr. Guerrant" and Grievance Officer "Mr. Jefferson," who informed him that he had exhausted his administrative remedies and that nothing more would be done about the mattress. (Amend. Compl. at 5).

The plaintiff brought this action on August 10, 2016, and he amended his complaint on January 31, 2017, in response to an order of the Court. The defendant has moved to dismiss the Amended Complaint on the grounds that (1) the plaintiff has failed to state a claim for unconstitutional conditions of confinement or inadequate medical treatment and (2) the plaintiff has not stated a claim for municipal liability.

Discussion

A. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662,

---

[1] Because the Amended Complaint is unnumbered after page five, I use the page numbers generated by the Court's Electronic Case Filing system here.

678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court's charge in ruling on a 12(b)(6) motion "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." GVA Market Neutral Master Ltd. v. Veras Capital Partners Offshore Fund, Ltd., 580 F. Supp. 2d 321, 327 (S.D.N.Y. 2008) (quoting Eternity Global Master Fund Ltd. v. Morgan Guaranty Trust Co. of New York, 375 F.3d 168, 176 (2d Cir. 2004)). A court must construe the complaint in the light most favorable to the plaintiff, "taking its factual allegations to be true and drawing all reasonable inferences in the plaintiff's favor." Harris v. Mills, 572 F.3d 66, 71 (2d Cir. 2009).

This standard applies equally to pro se plaintiffs, but their pleadings are read more liberally and are construed as raising the strongest claims implied. See Teichmann v. New York, 769 F.3d 821, 825 (2d Cir. 2014). The court may also consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint." Martinez v. Aycock-West, 164 F. Supp. 3d 502, 508 (S.D.N.Y. 2016) (quoting Alsaifullah v. Furco, No. 12 Civ. 2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013)). Finally, even if a plaintiff does not oppose a Rule 12(b)(6) motion, the failure to respond does not warrant dismissal if the complaint sufficiently

states a claim. McCall v. Pataki, 232 F.3d 321, 323 (2d Cir. 2000).

B. Conditions-of-Confinement Claim

In order to establish a § 1983 claim for unconstitutional conditions of confinement,

> a pretrial detainee must satisfy two prongs, . . . an "objective prong" showing that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process, and a "subjective prong" -- perhaps better classified as a "mens rea prong" or "mental element prong" -- showing that the officer acted with at least deliberate indifference to the challenged conditions.

Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017).

Alleging an objectively, sufficiently serious deprivation requires the plaintiff to "show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health." Walker v. Schult, 717 F.3d 119, 125 (2d Cir. 2013). "There is no 'static test' to determine whether a deprivation is sufficiently serious; instead, 'the conditions themselves must be evaluated in light of contemporary standards of decency.'" Darnell, 849 F.3d at 30 (quoting Blissett v. Coughlin, 66 F.3d 531, 537 (2d Cir. 1995)).

In order to state a valid claim of a constitutional violation, the plaintiff would need to show, for example, that

> (1) he had a preexisting medical condition requiring a special bed to protect against serious damage to his future health; (2) he made that medical condition known to prison officials; (3) he requested a special

5

> bed to accommodate such medical condition; and (4) his request was denied by an "official [who knew] of and disregard[ed] an excessive risk to [the plaintiff's] health or safety."

Howard v. City of New York, Nos. 12 Civ. 4069 et al., 2012 WL 7050623, at *9 (S.D.N.Y. Dec. 20, 2012) (alterations in original) (quoting Phelps v. Kapnolas, 308 F.3d 180, 185-86 (2d Cir. 2002)). "Alternatively, a prisoner could also show that the medical condition was itself created by an inadequate bed or mattress and that an official who became aware of the situation failed to remedy it." Youmans v. Schriro, No. 12 Civ. 3690, 2013 WL 6284422, at *5 (S.D.N.Y. Dec. 3, 2013).

The plaintiff claims to have been forced to use a mattress on a foundation in contravention of manufacturer instructions warning that the mattress should be used without a foundation. Mr. Nelson has not offered any plausible link between the exacerbation of existing ailments and the alleged misuse of the mattress. In addition, he has not named any individual guard as responsible, nor has he alleged any facts to plausibly suggest that any guard acted with "deliberate indifference." His allegations are conclusory and fail to meet established pleading requirements. See Iqbal, 556 U.S. at 678.

Furthermore, the warning label on the mattress relates not to chiropractic health, but to fire safety. See Howard, 2012 WL 7050623, at *6 ("[T]he warning relates to fire safety. . . .

6

[T]here is no reason to believe that the instructions relate to chiropractic health."). To the extent that Mr. Nelson's Amended Complaint may be read to assert that the mattress is simply uncomfortable, "the Constitution does not require 'comfortable' prison conditions." Walker, 717 F.3d at 125 (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)).

Mr. Nelson also claims that he was required to sleep on the floor for six days. He has neither identified any responsible correction officer nor offered any information that would plausibly suggest that any correction official "acted with at least deliberate indifference." Darnell, 849 F.3d at 29. Consequently, Mr. Nelson's amended complaint fails to state a claim for unconstitutional conditions of confinement.

C.  Municipal Liability

Municipal liability may be found even in absence of individual liability, so long as there is a constitutional injury. See Askins v. Doe No. 1, 727 F.3d 248, 253 (2d Cir. 2013). However, "Government officials may not be held liable . . . for unconstitutional conduct of their subordinates under a theory of respondeat superior." Iqbal, 556 U.S. at 676; see also Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012). Instead, "establishing the liability of the municipality requires a showing that the plaintiff suffered a tort in violation of federal law committed by the municipal actors, and,

in addition, that their commission of the tort resulted from a custom or policy of the municipality." Askins, 727 F.3d at 253. "A municipal policy may be pronounced or tacit and reflected in either action or inaction," Cash v. County of Erie, 654 F.3d 324, 334 (2d Cir. 2011), and may be premised upon the actions of a policymaking individual, see Walker v. City of New York, 974 F.2d 293, 296-97 (2d Cir. 1992).

Mr. Nelson has not alleged facts from which it could be inferred that the purportedly unconstitutional acts committed by correction officers resulted from any policies of the City. As a result, the plaintiff has failed to state a claim against the only defendant he has named.

    D.    Leave to Amend

The Second Circuit has held that a pro se litigant should be afforded at least one opportunity to "amend his complaint prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." Gomez v. USAA Federal Savings Bank, 171 F.3d 794, 796 (2d Cir. 1999) (per curiam). Mr. Nelson has had that opportunity. In an order dated September 7, 2016, the Honorable Colleen McMahon, U.S.D.J., permitted Mr. Nelson to file an amended complaint and outlined the standards that it was required to meet. The Amended Complaint fails to satisfy those standards, and there is

8

no reason to believe that affording the plaintiff another chance would yield a different result.

Conclusion

For the reasons discussed above, I recommend that the defendant's motion be granted. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of Court, with extra copies delivered to the Chambers of the Honorable Paul A. Engelmayer, Room 2201, 40 Foley Square, New York, New York 10007, and to the Chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
July 12, 2017

Copies mailed this date to:

Ondre Nelson
895-15-01617
Anna M. Kross Center C95
18-18 Hazen Street
East Elmhurst, NY 11370

9

Elizabeth C. DeGori, Esq.
New York City Law Department
100 Church Street
New York, NY 10007

Elizabeth C. DeGori, Esq.